On the Merits.
The allegations of plaintiff’s petition are set out in substance in •our opinion on the motion to dismiss, and need not be here repeated.
*308 The fifth section of plaintiff’s charter provides that when the sum of $25,000 is raised by it and the co-operating organizations in other States, the funds collected by the Louisiana Board shall then be remitted to the Kentucky corporation at Louisville, to carry on said printing-house for the blind ; “provided that should said sum of $25,000 not be raised within seven years from date of this incorporation, or said publishing-house-not be established within nine years from said date, then the donations and contributions received, together with the interest thereon accrued, after deducting' expenses of the corporation, shall be returned to the contributors and donors thereof.”
Under this act of incorporation contributions were solicited and some $16,000 raised by the Louisiana Board in sums ranging from $5 to $100. The fund thus raised in 1859, 1860, and 1861, has been kept at interest by the Board, and has now more than doubled itself.
A number of suits have been commenced by different persons in different courts, against the plaintiff, to compel it to return their contributions, on the ground that the time has expired for building said printing-house according to the charter, and it has not been built, and that by the terms 'of the act the contributors are entitled to a return of their donations with the accrued interest. A Kentucky corporation, claiming to be the organization referred to in the Louisiana charter, has commenced suit against plaintiff in the United States Circuit Court, to compel the delivery of the whole fund to it. Interventions and cross-bills have been filed in said suit by Dupuy and other contributors asserting their rights upon the fund in plaintiff’s hands. Plaintiff truthfully alleges that it is literally being torn to pieces by suits — some in magistrates’ courts, some in different district courts, and some in the Federal courts. It alleges that such proceedings are oppressive and illegal, and asks that the plaintiffs in said various suits in the State courts and Richardson & Magruder, who claim to be the agents and attorneys of said parties and of about one hundred others, be enjoined and restrained from such proceedings and be required to proceed in this or some other single suit, contradictorily with all parties in interest. It is said in reply by defendants that there is no privity of contract among the various contributors to this fund, and that each has a separate distinct and independent demand against the plaintiff, and therefore a perfect right to sue it separately.
We can not concur in this view of the case. The charter by its very terms, and as the suing donors themselves allege, constituted a contract of mandate between the contributors and the corporation. Those who gave their money did so for the uses and purposes and upon the terms and conditions therein written. The corporation became the common mandatary of the donors, and the rights and obligations of all *309 the parties are to be ascertained and determined by reference to its provisions. As we have seen, the fifth section expressly provides that in the event of a failure to carry out the objects of the mandate, the corporation, “ after deducting its expenses,” shall return the fund to those who gave it. This clearly requires and demands an account; and surely it will not be contended that where a number of persons have constituted a common agent for a common purpose each of them can compel a separate accounting to himself. In such a case the agent owes but one account. In the nature of things, it would be impracticable to determine the pro rata of the numerous claimants otherwise than in concursu. They all have a common interest in the expense account of the corporation, and a like interest in testing the reality and amount of their respective claims upon the common fund. Any other course would consume the fund in costs of litigation; for the corporation would have to establish its expenses account in every suit, and for its own protection, and that of other contributors, would have to employ counsel to scrutinize each separate claim in the hundreds of suits that would be brought. We have seen that the Louisville corporation is claiming the whole fund ; while numerous suits are brought in different State courts by different persons claiming small and fractional amounts thereof. This court, in the absence of express legal provision, has the power to proceed and decide according to equity. C. C. 21; 1 An. 133. We think the plaintiff’s petition discloses a cause of action, and that the facts in this record entitle it to relief.
But while the plaintiff has rights entitled to protection, it has also obligations which it is bound to fulfill. The donors of the funds in its hands have an undoubted right to demand and require an account of its stewardship ; and if by the terms of its charter the corporation has failed to accomplish the object of the trust, it must restore the fund to those who gave it. We shall therefore remand this cause.
It is therefore ordered, adjudged, and decreed that the judgment appealed from is reversed, and plaintiff’s injunction is reinstated. It is further ordered that this cause be remanded to be proceeded with as follows: That the plaintiff, “the Louisiana Board of Trustees of the American Printing-House for the Blind,” do within sixty days from the filing of this decree in the court below render a full account of its receipts and expenditures of the fund in its hands ; that notice of the filing of said account be advertised in two daily papers of New Orleans for sixty days, and calling upon all persons claiming rights to or upon said fund to come forward and assert the same within said delay ; that at the end of said delay the court a qua proceed to try and determine the rights and claims of all parties appearing, and to render judgment as their rights shall require; costs of this appeal to be paid by appellees.